978 F.2d 1268
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff/Appellee,
v.
William Joseph SMITH, Defendant/Appellant.
 No. 92-4028.
 United States Court of Appeals, Tenth Circuit.
 Oct. 28, 1992.
 
 Before PAUL KELLY, Jr. and McWILLIAMS, Circuit Judges, and BROWN, District Judge.
 ORDER AND JUDGMENT*
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Defendant-Appellant William Joseph Smith appeals his conviction under 18 U.S.C. §§ 922(g) and 924(e)(1) as a felon in possession of a firearm. Mr. Smith's conviction arose out of a traffic stop, and subsequent search, conducted on October 30, 1990. Mr. Smith alleges that the trial court incorrectly denied his motion to suppress evidence discovered during the traffic stop. As an alternative ground for appeal, he further contends that the trial court erroneously permitted the prosecution to withdraw from a plea agreement allegedly entered into before trial. We affirm.
 
 
 2
 We accept the district court's factual findings unless they are clearly erroneous, and review de novo the reasonableness of the search. United States v. Arango, 912 F.2d 441 (10th Cir.1990), cert. denied, 111 S.Ct. 1318 (1991). The district court found that the highway patrol observed Mr. Smith's car being operated without a front license plate, and without appropriate registration stickers on the rear license plate, apparently contrary to Utah law. In addition, the Highway Patrolman testified that as he passed the vehicle, he noticed the driver wearing a shoulder holster containing a pistol, also apparently contrary to Utah law. III R. 23-24. Observation of either of these apparent violations provides sufficient basis to support an initial stop. See United States v. Guzman, 864 F.2d 1512, 1517 (10th Cir.1988).
 
 
 3
 When a law enforcement officer legitimately stops an automobile, and subsequently develops probable cause to believe that contraband is concealed somewhere within that vehicle, the officer may conduct a warrantless search of the vehicle. United States v. Ross, 456 U.S. 798, 823-24 (1982). Here, the Highway Patrolman observed a brass pipe, of the sort used to smoke marijuana, plainly visible in a dashboard compartment. This observation, combined with the fact that the Patrolman noticed that the driver carried a pistol, is sufficient to establish probable cause and supports a search for marijuana or contraband weapons. The scope of this warrantless search may include inspection of the contents of closed containers and packages where the contraband may be found. California v. Acevedo, 111 S.Ct. 1982, 1991-92 (1991). Given these facts, as found by the district court, we uphold the denial of the motion to suppress the discovery of the two firearms, one in a gun case and the other in a duffel bag in the vehicle.
 
 
 4
 The facts of United States v. Walker, 933 F.2d 812 (10th Cir.1991), cert. denied, 112 S.Ct. 1168 (1992), upon which Appellant heavily relied at oral argument, differ materially from the facts of this case. In Walker, we held that a police officer may neither detain nor question the occupants of a vehicle stopped for a routine traffic violation on matters unrelated to that violation without reasonable suspicion that the occupants were involved in some criminal activity. Unlike Walker, however, the officer in this case had ample reason to suspect the occupants of unlawful conduct.
 
 
 5
 Mr. Smith, for the first time on appeal, also raises a Miranda claim that he was improperly asked about the ownership of the guns before being apprised of his constitutional rights. This argument, not having been made in the trial court, is an inappropriate subject for appellate review absent plain error. See Fed.R.Crim.P. 12(b)(3). The roadside questioning of Mr. Smith did not constitute the functional equivalent of a custodial interrogation, as is required to trigger Miranda rights. See Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980). We thus find no plain error, and reject this claim.
 
 
 6
 Finally, Mr. Smith seeks to specifically enforce a plea agreement from which he claims the prosecution improperly withdrew. In order to specifically enforce a plea agreement later abandoned by the prosecution due to mistake, a defendant must demonstrate some detrimental reliance upon the initial plea. Mabry v. Johnson, 467 U.S. 504 (1984). Here, neither Mr. Smith's brief nor the record reveals any detrimental reliance upon the initial plea. As in the case of United States v. Williams, 919 F.2d 1451 (10th Cir.1990), cert. denied, 111 S.Ct. 1604 (1991), both prosecutor and defense counsel underestimated the sentence applicable under the Sentencing Guidelines. As was also the case in Williams, Mr. Smith's original plea agreement acknowledged that the Guidelines and the judgment of the trial court would prevail over any sentencing agreement of the parties. See I R. doc. 25, Ex. A-2, p 3. In Williams, we rejected the defendant's attempt to withdraw a plea based on an inaccurate computation of the appropriate sentence. We follow the logic of Williams and uphold the district court's denial of the motion to specifically enforce the plea agreement.
 
 
 7
 Based on the foregoing reasons, the judgment is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 The Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation.